THE PEOPLE *ex rel.* Robert T. Miller

*v.*

ABEL S. SCOTT *et al.*

*Filed at Springfield March 31, 1890.*

DRAINAGE LAW—*forming new district—within one already established.*
Under section 43 of the drainage act of 1885, a new and independent
drainage district may be organized, constructed and maintained within
the limits and boundary of another drainage district before then organ-
ized, constructed and maintained, and in full operation.

APPEAL from the Appellate Court for the Third District;—
heard in that court on writ of error to the Circuit Court of
Champaign county; the Hon. EDWARD P. VAIL, Judge, pre-
siding.

Mr. L. A. SMYERS, State's Attorney, and Mr. THOMAS. J.
SMITH, for the appellant.

Mr. J. L. RAY, for the appellees.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

This is a *quo warranto* proceeding, begun in the circuit court
of Champaign county, to test the legality of a drainage district.
The information alleges that the relator, Robert T. Miller,
owns eighty acres of land in said county, and in May, 1888,
he, with the owners of certain other lands, by mutual consent,
organized a drainage district, under section 77 of the Drainage
act of 1885, the corporate name of which was "Kaskaskia
Drainage District;" that the commissioners of said district
proceeded to and did dig a ditch as provided in said contract,
which has been completed and is in successful and satisfactory
operation, and that the commissioners of said district are in
the peaceable possession of all the territory within the same;
that the relator's said land lies wholly within said district, and

is a part of the same ; that the commissioners of said district are willing and ready to make more complete drainage therein, if necessary. It is then averred, that certain owners of lands within said Kaskaskia Drainage District, desiring further drainage, organized another district wholly within the boundaries of said Kaskaskia district. A copy of the proceedings under which this last district was organized is attached to and made part of the information, which proceedings are averred to be illegal and void, wherefore the defendants, who are pretending to act as commissioners, are unlawfully exercising the functions of drainage commissioners, etc. To this information the defendants below demurred. The circuit court having sustained the demurrer, appellant brings the record to this court by appeal.

The real and only question in the case is fairly stated by counsel for appellant, as follows : "Can a new and independent drainage district be organized, constructed and maintained within the limits and boundary of another drainage district before then organized, constructed, maintained and in full operation." The question is answered by section 43 of the Drainage act of 1885. It expressly provides for the formation of districts within main districts, by owners of land, in the same manner as is provided in the act for the organization of main districts. It is true such sub-districts may be formed by the commissioners of the main district, but their right to do so is not exclusive. (See *People ex rel.* v. *Swigert, Auditor,* 130 Ill. 608.) The district in question being composed of lands lying in two different townships, is called a union district, yet from the allegations of the information it is also a sub-district. At least, by whatever name it may be called, section 43 furnishes ample authority for its formation.

The demurrer to the information was properly sustained.

*Judgment affirmed.*